MARY E. NEULING, *Appellee*, v. H. N. BROWN, *Appellant*.

No. 16,723.

1. SCHOOL LAND — *Forfeiture* — *Estoppel.*  Where proceedings
were taken to forfeit a contract of purchase of school land the
subsequent conduct of the holder of the original certicate es-
topped him from asserting his claims as against a second pur-
chaser.

2. EVIDENCE—*Burden of Proof and Presumptions—Forfeiture—
School Land.*  Testimony held insufficient to overcome the pre-
sumption raised by the statute making certain facts *prima
facie* evidence of a valid forfeiture of a school-land contract.

Appeal from Lane district court.  Opinion filed De-
cember 10, 1910.  Affirmed.

*W. H. Russell,* and *Frank U. Russell,* for the appel-
lant.

*J. S. Simmons,* for the appellee.

*Per Curiam:*  The determining question in this case
is whether the appellant's claim to the school land in
question was legally canceled before the purchase of
the land by the appellee's grantor.

The school land was first purchased in 1889, and in
1892 the certificate was assigned to the appellant.
Thereafter no interest payments were made thereon.
In 1896 the county clerk of the county issued a proper
notice of forfeiture, and, on the return thereof by the
sheriff, entered upon his school-land record, opposite
the description of this tract, the words:  "Reported
September 15, 1896.  Forfeited December 10, 1896."
It is conceded that if this were the only evidence in
regard to the forfeiture it would be sufficient under
chapter 373 of the Laws of 1907 (Gen. Stat. 1909,
§§ 7692-7696), but it is contended by the appellant
that the sheriff who made the return, being called as a
witness, testified to facts which prove that no legal
service of the notice was made.  His evidence is not

40—83 KAN.

very positive, and is to some extent contradicted by the evidence of the appellant.

The court below having found in favor of the appellee, we should construe the evidence most favorably to sustain its finding. The sheriff testified, in substance, that at the time he had the notice for service and return it was his best recollection that the appellant was not in the county, and that the land in question was unoccupied; that he posted a copy of the notice on the land, and also a copy in the office of the county clerk. True, he does not say that he posted it in a "conspicuous place" in the office of the county clerk, but his evidence, under the provisions of the statute, is immaterial, unless it tends to overcome the presumption which the statute provides shall arise from the indorsement by the county clerk of certain words upon the school-land record; and the sheriff's evidence does not show that he did not post the notice in a "conspicuous place" in the county clerk's office.

However this may be, we think the circumstances shown by the evidence—that the appellant lived quite near the land in question for about ten years after he had learned from the county clerk that his claim to the land was canceled, and during all those years exercised no act of ownership over the land, but to all appearances acquiesced in the forfeiture proceedings—estopped the appellant from claiming this land as against the appellee's grantor. Therefore the appellee's grantor had good title to the land, and his deed to the appellee conveyed good title to her.

Considering the evidence in the most favorable light to the appellant, we think it is sufficient, and the judgment is affirmed.